UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:12CV-P59-R

**THOMAS RIDGEWAY**                                                                                    **PETITIONER**

**v.**

**COMMONWEALTH OF KENTUCKY** *et al.*                                        **RESPONDENT**

## MEMORANDUM AND ORDER

Petitioner Thomas Ridgeway filed a document which he captioned a "Motion for Federal Appellate Review" (DN 1). The motion was docketed in a separate action filed by Ridgeway, *Ridgeway v. Commonwealth of Kentucky*, Civil Action No. 5:11CV-P198-R. In the motion, Ridgeway seeks to have his state-court conviction vacated, citing the Sixth Amendment and stating that he was denied due process, a trial by jury, and the right "to an adequate, prepared defense." Because the motion seeks to vacate Ridgeway's conviction in state court, the Court construed it as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the Clerk of Court opened the instant action.

The filing of a petition for writ of habeas corpus under § 2254 subjects any subsequent § 2254 petition to the stringent restrictions on "second or successive" petitions. *See* 28 U.S.C.

§ 2244(b)(1) & (2).[1]  **Thus, if a state prisoner fails to include all of his claims in an initial § 2254 motion, he may lose any other claims if he tries to assert them later.**  Therefore, the Court will provide Ridgeway with an opportunity to voluntarily dismiss the habeas action or file an amended § 2254 petition which includes all the claims he believes he has.

Further, the Court notes that a federal court may not grant habeas corpus relief unless the petitioner has exhausted all available state remedies or demonstrated their inadequacies.  28 U.S.C. § 2254(b);[2] *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief

---

[1]Under 28 U.S.C. § 2244(b),

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless --
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(I) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claims, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

[2]Section 2254 provides, in pertinent part:
(b)(1) An application for a writ of habeas corpus . . . shall not be granted unless it appears that:
(A) the applicant has exhausted the remedies available in the court of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

is available only if the applicant first exhausts remedies available in state court."). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). A state prisoner must present the substance of every claim he intends to raise in a § 2254 petition to all levels of state court review before pursuing relief in federal court. However, where a prisoner's failure to present a claim to the state court bars state court consideration of the claim, an exception to the exhaustion requirement is made, since further resort to the state courts would be futile. *See Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Moreover, if Ridgeway wishes to amend his § 2254 petition, he must pay the $5.00 filing fee or file an application to proceed without prepayment of fees.

**WHEREFORE, IT IS ORDERED** as follows:

(1) The **Clerk of Court is directed** to provide Ridgeway with the Court-approved form and instructions to be used when seeking habeas relief under 28 U.S.C. § 2254 and a blank application to proceed without prepayment of fees and affidavit form.

(2) **Ridgeway shall notify this Court in writing whether he wishes to voluntarily dismiss his petition or to amend it. If Ridgeway wishes to amend his petition, he must complete the enclosed Court-approved § 2254 form**, including all challenges that he wishes to

3

make regarding his state sentence, and return it to the Court **within 30 days from the entry of this Memorandum and Order.**

(3)  If Ridgeway wishes to amend his § 2254 petition, he also shall tender the **$5.00 filing fee OR** file an application to proceed without prepayment of fees **within 30 days from entry of this Memorandum and Order**.  Should Ridgeway wish to pay the filing fee, a check shall be made payable to **Clerk, U.S. District Court** and mailed to the following address:

> Office of the Clerk
> United States District Court
> Western District of Kentucky
> 601 West Broadway, Ste. 106
> Louisville, KY  40202-2249

(4)  **<u>Ridgeway is WARNED that failure to comply with this Memorandum and Order within 30 days without good cause will result in dismissal of this action</u>**.

Date:

cc:    Petitioner, *pro se*
4413.010