UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:12CV-P59-R

THOMAS RIDGEWAY                                                    PETITIONER

v.

COMMONWEALTH OF KENTUCKY                                          RESPONDENT

<u>MEMORANDUM OPINION</u>

Petitioner Thomas Ridgeway filed a document which he captioned a "Motion for Federal Appellate Review" (DN 1).  Because the motion sought to vacate Ridgeway's conviction in state court, the Court construed it as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the Clerk of Court opened the instant action.  The Court entered an Order on April 27, 2012, warning Ridgeway that characterization of his motion as a petition under § 2254 subjected any subsequent § 2254 petition to the stringent restrictions on "second or successive" petitions.  *See* 28 U.S.C. § 2244(b)(1) & (2).  Therefore, the Court stated that it would not characterize the action as a § 2254 petition for writ of habeas corpus until it provided Ridgeway with an opportunity to withdraw the action or file an amended § 2254 petition which included all the claims he believed he had.  The Court ordered Ridgeway to notify the Court in writing whether he wished to withdraw his petition or to amend it within 30 days.  The Court also ordered him to pay the $5.00 filing fee or file an application to proceed without prepayment of fees.  The Court warned Ridgeway that his failure to respond to the Order within 30 days would result in dismissal of the action.  More than 30 days have passed, and Ridgeway has failed to respond to the Order.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons.  *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).  "[T]he lenient treatment of pro se litigants has limits.  Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110).  Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief."  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Ridgeway's failure to comply with the Court's Order shows a failure to pursue his case.  Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc:       Petitioner, *pro se*
4413.010

2